IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DAVID CALDERA, § | |
|     Plaintiff, § | |
| § | |
| v. § | EP-15-CV-90-KC |
| § | |
| OFFICER ORLANDO DIAZ, § | |
| OFFICER JOSE ORTIZ,[1] and § | |
| OFFICER W. DAVIS, § | |
|     Defendants. § | |

## ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court on Defendant Officer Orlando Diaz's motion to dismiss Plaintiff David Caldera's original complaint under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 16), Diaz's motion to dismiss Caldera's amended complaint under Rule 12(b)(6) (ECF No. 62), and Defendant Officer William Davis's motion to dismiss Caldera's amended complaint under Rule 12(b)(6) (ECF No. 61).

In Caldera's amended civil rights complaint under 42 U.S.C. 1983, he alleges that during his arrest in El Paso, Texas, on March 19, 2014, Diaz and Davis — both on-duty police officers employed by the City of El Paso Police Department — used excessive force, in violation of his Fourth Amendment rights.   Specifically, Caldera asserts that while restrained by handcuffs, "Davis … began punching the left side of [his] jaw and ribs [and] Diaz … began assaulting [him]

---

[1] The Court previously dismissed Caldera's claims against Defendant Jose Ortiz.  *See* Order Accepting R&R Mag. J., Aug. 18, 2015, ECF No. 45.

with kicks and punches."[2]   Caldera also maintains that Diaz and Davis denied him his right to free speech, in violation of his First Amendment rights.[3]

In their motions to dismiss, Diaz and Davis assert an entitlement to the defense of qualified immunity as to Caldera's Fourth Amendment claims and the defense of justification as to Caldera's state-law assault claims.   Diaz also contends Caldera fails to allege sufficient facts to sustain his First Amendment claims.

In a report and recommendation (ECF No. 73), the United States Magistrate Judge to whom the Court referred this matter proposes that the Court dismiss Diaz's motion to dismiss Caldera's original complaint as moot.[4]   She reasons "when a motion to dismiss has been filed against an original complaint which has been superseded by an amended complaint, the court should deny the motion to dismiss the original complaint as moot."[5]

The Magistrate Judge further proposes that the Court deny, in part, Diaz and Davis's motions to dismiss Caldera's amended complaint.   She explains "[a] two-prong inquiry is conducted when determining whether a defendant is allowed to assert qualified immunity: 1) 'whether the facts alleged, taken in the light most favorable to the plaintiff, show a violation of a constitutional right' and 2) 'whether the violated constitutional right was clearly established at the

---

[2] Pl.'s Am. Compl. 2, Aug. 28, 2015, ECF No. 51.

[3] *Id*. at 3.

[4] R & R 8, Nov. 20, 2015, ECF No. 73.   *See* 28 U.S.C. § 636(b)(1)(B) (2012) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).

[5] *Id.* (citing *Michael v. Boutwell*, No. 3:14-CV-00116-DMB-SAA, 2015 WL 728516, at *4 (N.D. Miss. Feb. 19, 2015) (collecting cases so holding)).

time in question.'"[6]   She then notes "'the Fifth Circuit has held on numerous occasions that an officer violates clearly established Fourth Amendment law when he or she inflicts physical harm upon a suspect that is handcuffed or otherwise subdued.'"[7]   The Magistrate Judge therefore finds that Caldera "has alleged facts … that, taken as true, demonstrate a constitutional violation of excessive force."[8]   In light of this finding, she concludes that Diaz and Davis are not entitled to qualified immunity and that the Court should deny their motions to dismiss Caldera's Fourth Amendment claims.   Furthermore, based on the same reasoning, she also concludes that Diaz and Davis are not entitled to the defense of justification as to Caldera's state-law assault claims and that the Court should deny their motions to dismiss these claims.[9]

With regard to Caldera's First Amendment claims, the Magistrate Judge finds that he "fails to raise any factual allegations … to state a cause of action."[10]   Accordingly, she recommends that the Court grant Diaz and Davis's motions insofar as they seek to dismiss his First Amendment claims.

The Magistrate Judge allowed the parties fourteen days to file written objections to her proposed findings, conclusions, and recommendations.[11]   A party who files timely written

---

[6] *Id.* at 7 (citing *Wadsworth v. Hock*, No. 3:10-CV-00220-O-BF, 2010 WL 4781157, at *2 (N.D. Tex. Nov. 4, 2010)).

[7] *Id.* (citing *Lozano v. Ortega*, No. EP-14-CV-239-KC, 2014 WL 6611595, at *6 (W.D. Tex. Nov. 19, 2014) (collecting cases)).

[8] *Id.* at 13.

[9] *Id.* at 16.

[10] *Id.* at 17.

[11] *Id.* at 20.   *See also* 28 U.S.C. § 636(b)(1) (2012) ("Within fourteen days after being

objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[12]  As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[13]  After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[14]  To date, the parties have not responded to the report.[15]

After reviewing the report, the Court finds that the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[16]  Therefore, the Court enters the following orders:

---

served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[12] *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[13] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review ... is appropriate ... where there has been no objection to the magistrate's ruling.").

[14] *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); Fed. R. Civ. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[15] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party ... after being served with a copy of the magistrate's report.").

[16] *Wilson*, 864 F.2d at 1221.

**IT IS ORDERED** that the Court **ACCEPTS** the report and recommendation of the Magistrate Judge (ECF No. 73).

**IT IS FURTHER ORDERED** that the Court **DENIES AS MOOT** Defendant Orlando Diaz's motion to dismiss Plaintiff David Caldera's original complaint under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 16).

**IT IS ALSO ORDERED** that the Court **DENIES** Defendant Orlando Diaz and Defendant William Davis's motions to dismiss Caldera's amended complaint under Rule 12(b)(6) (ECF No. 62, 61) with regard to Caldera's Fourth Amendment and state-law assault claims.

**IT IS FURTHER ORDERED** that the Court **GRANTS** Defendant Orlando Diaz and Defendant William Davis's motions to dismiss (ECF No. 62, 61) with regard to Caldera's First Amendment claims and **DISMISSES WITH PREJUDICE** Caldera's First Amendment claims.

**IT IS FINALLY ORDERED** that this case is returned to the Magistrate Judge for further proceedings.

**SO ORDERED**.

**SIGNED** this 28th day of January, 2016.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE